UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARISELA LUGO,

    Plaintiff,

v.

FIVECAP, INC., a domestic nonprofit corporation,
MARY TRUCK, individually,

    Defendants.

Case No.

Hon.

---

Noah S. Hurwitz (P74063)
Kara F. Krause (P85487)
Grant Vlahopoulos (P85633)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit Street Ste 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
kara@hurwitzlaw.com
grant@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the complaint.

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Marisela Lugo, by and through her attorneys, HURWITZ LAW, PLLC, and states the following:

## PARTIES AND JURISDICTION

1. Plaintiff is a resident of Hart, Michigan, which is located in Oceana County.

2. Defendant FiveCAP, Inc. ("FiveCAP") is a domestic nonprofit corporation with its registered business address in Scottville, Michigan, which is located in Mason County.

3. Defendant Mary Truck owns FiveCAP and resides in Scottville, Michigan, which is located in Mason County.

4. Plaintiff brings her statutory claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 and the Bullard-Plawecki Employee Right to Know Act, MCL 423.501 to MCL 512.

5. The U.S. District Court for the Western District of Michigan has federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. FiveCAP resides in the Western District of Michigan, and the events giving rise to the claims occurred in the Western District. Therefore, venue is proper under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

7. FiveCAP is a non-profit corporation that uses federal funding to provide services to residents of Lake, Mason, Newaygo, and Manistee Counties, including home weatherization services (e.g., sealing, caulking, and insulating) funded by the United States Department of Energy ("DOE") as part of its Weatherization Assistance Program ("WAP"), which aims "to increase the energy efficiency of dwellings owned or occupied by low-income persons, reduce their total residential energy expenditures, and improve their health and safety."  42 U.S.C. § 6861(b).

8. Plaintiff was hired as "Housing Director and Facilities and Operations Coordinator," and she held that position until her termination on November 12, 2021.

9. Plaintiff lacked authority to discipline, hire, or fire employees.

10. Plaintiff was tasked with a plethora of non-managerial duties, including but not limited to distributing food, lifting boxes, carrying pallets, collecting water samples, processing applications from families and individuals, filling out paperwork, and answering telephone calls.

11. Plaintiff was required to report that lunch breaks were taken when none occurred.

12. Plaintiff estimates having performed over 1,500 hours of unpaid overtime work from her initial hiring on December 27, 2018, until her termination on November 12, 2021.

13. Plaintiff was misclassified as "exempt" and unlawfully deprived of overtime compensation for all hours worked in excess of forty (40) per week.

14. Plaintiff complained about misuse of funding in violation of guidelines set forth in the Michigan Department of Health & Human Services Community Services Policy Manual.

15. FiveCAP advertised stand-alone roof replacements and other major structural repairs (the "Advertisement"), which are specifically prohibited uses of federal funding by grantees and subgrantees.

16. Ms. Trucks hoped to "sneak in a few roofs," contrary to the guidelines.

17. Plaintiff warned against running the Advertisement in an email.

18. Ms. Trucks summoned her to her office and yelled at her.

19. Plaintiff began receiving calls for roof replacements and major structural repairs.

20. Plaintiff was terminated against public policy for refusing to violate guidelines in the Michigan Department of Health & Human Services Community Services Policy Manual.

21. Tensions escalated in the three weeks following Plaintiff's termination.

22. Plaintiff saw her job position being advertised online on November 13, 2021.

23. Plaintiff arrived at the office to gather her belongings on November 15, 2021.

24. Ms. Trucks was rifling through Plaintiff's personal belongings, before she lunged at Plaintiff while screaming, "You need to get out!" Ms. Trucks shoved her twice. Plaintiff exclaimed, "Do not touch me!"

25. Ms. Trucks leapt across the desk and forcibly grabbed Plaintiff's shoulder.

26. Ms. Trucks assumed a fighting position with her feet and raised her clenched fists.

27. Plaintiff feared for her safety and was forced to flee and call the police.

28. Plaintiff was terminated against public policy for refusing to violate guidelines in the Michigan Department of Health & Human Services Community Services Policy Manual.

29. The Bullard-Plawecki Employee Right to Know Act, MCL 423.501 through MCL 423.512, grants an employee the right to receive a copy of his or her personnel record.

30. Plaintiff made a written request for her personnel record on January 3, 2022.

31. The letter was delivered through undersigned counsel.

32. However, to date, her personnel record has not been furnished.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## (UNPAID OVERTIME WAGES)
## (against FiveCAP and Ms. Trucks)

33. Plaintiff incorporates the allegations in the foregoing paragraphs.

34. FiveCAP has been, and continues to be, an enterprise that is engaged in interstate commerce, or has employees handling goods moved in commerce. 29 U.S.C. § 203.

35. Plaintiff estimates having performed at least 1,500 hours of overtime work.

36. Plaintiff was misclassified as "exempt" and unlawfully deprived of overtime compensation for all hours worked in excess of forty (40) per week.

37. FiveCAP's violation was knowing and willful.

38. Plaintiff was deprived of wages in amounts to be determined at trial, but at a minimum, no less than $65,000. Plaintiff is entitled to compensation for unpaid wages, interest, liquidated damages, attorneys' fees and costs, and other remedies available at law or in equity.

## COUNT II
## VIOLATION OF MICHIGAN PUBLIC POLICY
## (against FiveCAP)

39. Plaintiff herein reincorporates her allegations in the paragraphs above.

4

40. Plaintiff was retaliated against in contravention of public policy.

41. Plaintiff was terminated for refusing to violate guidelines set forth in the Michigan Department of Health & Human Services Community Services Policy Manual.

42. FiveCAP thereby caused significant economic and emotional hardship, including loss of earnings and earning capacity; loss of benefits and future benefits; mental anguish; physical and emotional distress; humiliation and embarrassment; and loss of professional reputation.

## COUNT III
## FAILURE TO PROVIDE PERSONNEL FILE PURSUANT TO BULLARD-PLAWECKI EMPLOYEE RIGHT TO KNOW ACT
## (against FiveCAP)

43. Plaintiff herein reincorporates her allegations in the paragraphs above.

44. The Bullard-Plawecki Employee Right to Know Act, MCL 423.501 through MCL 423.512, grants an employee the right to receive a copy of his or her personnel record.

45. Plaintiff made a written request for her personnel record on January 3, 2022.

46. The letter was delivered through undersigned counsel.

47. However, to date, her personnel record has not been furnished.

48. FiveCAP's violation was knowing and willful.

49. Plaintiff is entitled to actual damages, $200.00 plus costs, and attorney's fees.

## COUNT IV
## BATTERY
## (against FiveCAP and Ms. Trucks)

50. Plaintiff herein reincorporates her allegations in the paragraphs above.

51. Plaintiff was battered when she was shoved and grabbed on November 15, 2021.

52. Ms. Trucks intentionally touched her body in a harmful and offensive manner.

53. Plaintiff did not consent to being touched.

54. Ms. Trucks is liable in an individual capacity for the battery.

55. FiveCAP is liable for her actions by virtue of *respondent superior*.

56. Plaintiff is entitled to damages including but not limited to compensatory damages, exemplary damages, punitive damages, costs, interest, and other available damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Marisela Lugo requests the following relief:

a. Compensatory damages for monetary and non-monetary loss;

b. Exemplary and punitive damages;

c. A judgment for lost wages and benefits, past and future;

d. An award of unpaid overtime wages, liquidated damages, costs and attorneys' fees under the FLSA;

e. Prejudgment interest; and

f. Such other relief as in law or equity may pertain.

Respectfully Submitted,
HURWITZ LAW PLLC

/s/ *Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
Kara F. Krause (P85487)
Grant Vlahopoulos (P85633)
Attorneys for Plaintiff
617 Detroit Street, Suite 125
Ann Arbor, MI 48104
(844) 487-9489

Dated: February 18, 2022

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARISELA LUGO,

    Plaintiff,

v.

FIVECAP, INC., a domestic nonprofit corporation,
MARY TRUCK, individually,

    Defendants.

Case No.

Hon.

---

Noah S. Hurwitz (P74063)
Kara F. Krause (P85487)
Grant Vlahopoulos (P85633)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit Street, Ste 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
kara@hurwitzlaw.com
grant@hurwitzlaw.com

---

## JURY DEMAND

    NOW COMES Plaintiff, Marisela Lugo, by and through her attorneys, Hurwitz Law PLLC, and hereby demands a jury trial in the above-captioned matter for all issues so triable.

                  Respectfully Submitted,

                  HURWITZ LAW PLLC

                  /s/ *Noah S. Hurwitz*
                  Noah S. Hurwitz (P74063)
                  Kara F. Krause (P85487)
                  Grant Vlahopoulos (P85633)
                  Attorneys for Plaintiff
                  Hurwitz Law PLLC
                  617 Detroit Street, Ste 125
                  Ann Arbor, MI 48104

Dated: February 18, 2022